# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-1181V
### Filed: April 30, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

NICOLE C'DEBACA       \*

      \*

      \*

             Petitioner,       \*

         v.       \*

      \*     Attorney Fees and Costs; Stipulation;

SECRETARY OF HEALTH AND       \*     Special Processing Unit ["SPU"]

HUMAN SERVICES,       \*

      \*

             Respondent.       \*

      \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Maximillian J. Muller, Muller Brazil, LLP, for petitioner.
Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

      On December 8, 2014, Nicole C'Debaca filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of the administration of an influenza vaccination on November 1, 2013, petitioner suffered a shoulder injury. Petition at 1.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

The case was assigned to the Special Processing Unit ["SPU"] of the Office of Special Masters. On April 30, 2015, I issued a decision awarding compensation to petitioner based on respondent's Proffer.

On April 29, 2015, the parties filed a Stipulation of Facts Regarding Final Attorneys' Fees and Costs. According to the stipulation, the parties agree upon a total award of attorneys' fees and costs to petitioner in the amount of $14,452.82. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300 aa-15(e). I find the proposed amount to be reasonable.

**Accordingly, I award the total $14,452.82[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Muller Brazil LLP.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).

NICOLE C'DEBACA

        Petitioner

    v.

SECRETARY OF HEALTH AND
HUMAN SERVICES

        Respondent

Docket No.:  1:14-vv-01181

Special Master:  Denise Kathryn Vowell

## STIPULATION OF FACTS REGARDING FINAL ATTORNEYS FEES AND COSTS

1.      On April 27, 2015, petitioner provided a draft Application for Attorneys' Fees and Costs ("Fee App") and accompanying invoices, requesting a total of $15,316.82 in attorneys' fees for attorneys' fees and costs for his counsel of record, Muller Brazil, LLP.

2.      In informal discussions, respondent raised objections to certain items in petitioner's Fee Application. Based on these objections, petitioner reduces the amount requested, and asks that a decision be entered awarding a lump sum of $14,452.82 for all attorneys' fees and costs, payable to petitioner and Muller Brazil, LLP. Respondent does not object.

3.      In compliance with General Order #9, petitioner's counsel represents that petitioner has incurred no out-of-pocket expenses in the proceedings on the petition.

4.      Nothing in this Stipulation, including the amount set forth in paragraph 2, should be construed as an admission, concession, or waiver by either party as to any of the matters raised by petitioner's Fee App, including but not limited to the hourly rates requested, number of hours expended, and other litigation-related costs. Respondent states (without waiving any objections) that the total amount of compensation set forth in paragraph 2 is not an unreasonable amount to have

been incurred for proceedings in this case.

Respectfully submitted,

/s/ Maximillian J. Muller
MAXIMILLIAN J. MULLER
Muller Brazil LLP
2401 Pennsylvania Ave., Suite 1C-44
Philadelphia, PA 19130
(215) 259-8662
Attorney for Petitioner

/s/ Alexis Babcock
ALEXIS BABCOCK
Trial Attorney
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
(202) 616-4357
Attorney for Respondent

Dated: April 28, 2015